■ HENDLER & MURRAY, P. C., Appellant-Respondent, v WILLIAM MAIT et al., Respondents-Appellants. WILLIAM MAIT et al., Counterclaim Plaintiffs, v HENDLER & MURRAY, P. C., Counterclaim Defendant, and JEROME MURRAY, Counterclaim

Appellant.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered November 15, 1989, which granted in part and denied in part plaintiff's motion for a protective order with respect to defendants' notice for discovery and inspection and demand for a verified bill of particulars, unanimously modified to delete the protective order as to item 17 (b) of the demand for a bill of particulars, and to substitute in its stead item 17 (c), and otherwise affirmed, without costs.

Plaintiff, a professional services corporation (P. C.), is suing three former members of the corporation for specific performance of the shareholder's agreement and for consequential damages alleging the defendants' improper failure to surrender their shares of stock upon their resignation as members of the P. C. Defendants counterclaimed to compel the P. C. to pay them the amounts they alleged are properly due under the agreement, and asserted derivative claims to recover for alleged corporate waste caused by the P. C. majority shareholder.

Plaintiff moved for a protective order respecting defendants' notice for discovery and inspection and demand for a verified bill of particulars on the grounds, *inter alia,* that the requests were overly broad and unduly burdensome. The Supreme Court would have been justified in declining to prune the improper demands from the appropriate ones, but elected to refer the questions raised by the motion for a protective order to a Special Master to hear and report. The P. C.'s counsel stipulated before the Special Master to provide particulars as to 12 items in the demand, which was "so ordered" by Justice Shainswit.

The order, from which both sides have appealed, reveals a painstaking review and evaluation of the numerous items sought to be examined or to have particulars provided. As to the bill of particulars, the motion for a protective order was granted as to three items, and denied as to three others. The P. C. stipulated to provide particulars as to the remaining items, but on the appeal seeks to withdraw the stipulation, and to have this court review their appropriateness in the first instance. We decline to do so.

With regard to the notice for discovery and inspection, the P. C.'s motion for a protective order was granted as to 12 items, denied as to 15 items, and five were modified in various respects.

As modified by the Supreme Court, the notice for discovery and inspection and the demand for a verified bill of particulars seek material and information relevant to the issues raised in the complaint and counterclaims.

Accordingly, the order should be affirmed, except that the apparently inadvertent grant of a protective order as to item 17 (b) instead of 17 (c) of the bill of particulars should be vacated pursuant to the stipulation which was "so ordered" by the court, and a protective order granted as to item 17 (c). Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Smith, JJ.